**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAMES GARDNER, JR.,**<br><br>     **Plaintiff**<br><br>VS.<br><br>**CALVIN RAMSEY,** *et al.*,<br><br>     **Defendants** | **NO.  5: 04-CV-121 (DF)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## O R D E R

On May 3, 2005, plaintiff in the above-captioned case was ordered to respond to the defendants MOTION FOR SUMMARY JUDGMENT. *See* Tab #31. Well after the deadline for filing his response to the defendants' motion, plaintiff filed a MOTION TO COMPEL in which is seeks to have the defendants provide him with his medical records and a list of all diabetic meals. The defendants have filed a response to the plaintiff's motion. Tab #34. The defendants have complied with the plaintiff's discovery requests. Plaintiff was given a copy of the Standard Operation Procedure (SOP) concerning specials meals and the defendants sent a verification form to the plaintiff's place of incarceration to make sure that he had been allowed to view his medical file, Moreover, as noted by the defendants, discovery has long since closed in the present case. Further, even though plaintiff is proceeding *in forma pauperis*, he is not entitled to have the defendants provide him with free copies. Accordingly, plaintiff's motion is **DENIED**.

Although plaintiff did not respond to the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #26), in the interest of justice, plaintiff shall be allowed *one last opportunity* to file his response. Therefore, plaintiff is again advised as follows:

In order to insure that this pro se plaintiff receives adequate notice (1) that a motion for summary judgment has been filed against him in this case by these defendants, (2) that he has the right to oppose the granting of said motion, and (3) that failure to oppose said motion may result in a final judgment being rendered against him, he is NOTIFIED as follows:

Rule 56(c) of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under the procedures and policies of this court, motions for summary judgment are normally decided on briefs. The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties in deciding whether a summary judgment is appropriate under Rule 56; the parties may submit their argument to the court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party against whom a summary judgment is sought must be given ten days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a <u>FINAL</u> judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, **the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u>** to present an issue of fact but <u>must</u> make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. See Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir.1984).

**FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE STATEMENTS SET FORTH IN THE DEFENDANT'S(S') AFFIDAVIT(S) AND/OR OTHER SWORN PLEADINGS MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS THE TRUTH.** Upon the recommendation of the magistrate judge, the court could then grant judgment to the defendant(s) seeking summary judgment; <u>there</u> <u>would</u> <u>be</u> <u>no</u> <u>trial</u> <u>or</u> <u>any</u> <u>further</u> <u>proceedings</u>!

Accordingly, plaintiff is ORDERED AND DIRECTED to file a response to defendant's(s') motion for summary judgment in accordance with Rule 56 of the *Federal Rules of Civil Procedure* **WITHIN THIRTY (30) DAYS** of RECEIPT of this Order.  After the filing of plaintiff's response or after the passage of forty-five (45) days from the DATE of this Order, whichever comes first, the court will consider defendant's (s') motion for summary judgment and any opposition to same filed by the plaintiff.

SO ORDERED, this 27th day of JULY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE