IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES GARDNER, JR.,<br><br>                     Plaintiff<br><br>VS.<br><br>CALVIN RAMSEY, *et al.*,<br><br>                     Defendants | NO. 5:04-CV-121 (DF)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Plaintiff JAMES GARDNER, JR., is an inmate in the custody of the State of Georgia. He has sued defendants CALVIN RAMSEY, MEDICAL DIRECTOR, and TYDUS MEADOWS, WARDEN, alleging that the defendants violated his constitutional rights while he was incarcerated at Men's State Prison in Hardwick, Georgia. Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs; he alleges that defendant Ramsey ordered that his Vioxx and Tylenol #3 be discontinued despite a prescription for said medication. He also alleges that he was not provided with diabetic meals, that there were no medically trained staff assistants to help transport him to the mess hall, that his vital signs were not properly checked, and that his blood sugar was not checked regularly.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #26. The motion is supported by a brief, deposition, and medical records. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #31. The plaintiff has filed a response to the defendants' motion. Tab #37. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION
### Respondeat Superior

It is readily apparent to the undersigned that plaintiff is attempting to invoke liability against defendants RAMSEY and MEADOWS based upon the theory of *respondeat superior*. In a properly pled complaint under 42 U.S.C. §1983, a plaintiff must allege that any defendant charged with violating his constitutional rights was either *personally* involved in violating those rights or that the act or acts complained of was carried out pursuant to an official *policy or custom* promulgated by the named defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

In the case at bar, plaintiff GARDNER fails to allege any causative link between defendants RAMSEY and MEADOWS and the denial of his constitutional rights; that is, he is seeking to impose liability upon defendants each of them because of their positions as Medical Director and Warden at Men's State Prison. In fact, he admits as much in his deposition. Tab #30 at 31. Nor does the plaintiff contend that these defendants were responsible for any policy designed to deny plaintiff his constitutional rights. Instead, plaintiff predicates his claims against these defendants solely upon the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Therefore, defendants RAMSEY and MEADOWS are entitled to summary judgment.

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #26) be **GRANTED**.[2]  Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 27th day of SEPTEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the recommendation in this case, the undersigned declines to address the defendants' remaining arguments.

4